IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MATTHEW MARK HESLEP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:17-CV-0084-D |
| | § | |
| WILLIAMS STEPHENS, et al., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DISMISS PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Before the Court is plaintiff MATTHEW MARK HESLEP'S ("Heslep's") Motion for a Temporary Restraining Order [ECF 18]. For the following reasons, the Court recommends Heslep's motion should be dismissed as moot.

### I.
### PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER

Heslep's motion for relief is a proposed order indicating he is being denied adequate access to the prison law library. By his underlying claim, recently amended, Heslep sues Williams Stephens in Huntsville, Texas, and Greg Abbott. Heslep is no longer housed at a Texas Department of Criminal Justice ("TDCJ") unit located within this Court's jurisdiction.

### II.
### LEGAL STANDARD

In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65(a), the applicant must demonstrate all four of the following elements:

"(1) a substantial likelihood of success on the merits;

> (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied;
> (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and
> (4) the injunction will not disserve the public interest."

*Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (quoting *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)). Injunctive relief is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), *cert. denied*, 134 S.Ct. 1789 (2014).

Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted). Additionally, for a permanent injunction to issue, the plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847-48 (5th Cir. 2004). Movants for injunctive relief must show that constitutional violations have occurred and that state officials are "demonstrably unlikely to implement required changes" without injunctive relief. *Hay v. Waldron*, 834 F.2d 481 (5th Cir. 1987).

Federal Rule of Civil Procedure 65(b)(1) governs the issuance of a temporary restraining order ("TRO"). Absent notice and opportunity to be heard from the opposing party, a TRO encompasses only restraint on a party for a fourteen-day period. Fed. R. Civ. P. 65(b)(2). If plaintiff's requests for restraint extend beyond this period, then the Court may construe his requests as a motion for a preliminary injunction; as such, the plaintiff must satisfy the substantive requirements for a preliminary injunction in order to obtain this relief. *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

III.
FINDINGS AND CONCLUSIONS

At the time of filing of this lawsuit, Heslep was housed in the Clements Unit of TDCJ, located in the Northern District of Texas, Amarillo Division, where this Court has jurisdiction. Heslep is now housed at the Allred Unit of TDCJ, located in the Northern District of Texas, Wichita Falls Division, outside of this Court's jurisdiction. Helsep has not argued in his motion for a temporary restraining order that he is likely to be transferred back to the Clements Unit.

> The United States Fifth Circuit Court of Appeals has explained:
>
> If a claim is moot, it "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." Goldin v. Bartholow, 166 F.3d 710, 717 (5th Cir.1999). A claim becomes moot when "the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). "Mootness in this context is the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Goldin, 166 F.3d at 717 (citation and quotation marks omitted).

*National Rifle Ass'n of America, Inc. v. McCraw*, 719 F.3d 338, 344 (5th Cir. 2013), cert. denied, 134 S.Ct. 1365 (2014); *see also Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies."). It is clear that plaintiff's claims for temporary restraining orders and/or injunctive relief are indeed now moot.

A unit transfer to another jurisdiction moots plaintiff's requests for a restraining order that would require TDCJ to provide plaintiff additional access to a law library. *See Haralson v. Campuzano*, 356 Fed. App'x 692, 695–96 (5th Cir. 2009) (prisoner's claim for injunctive relief based on his challenge to recreation policies applicable to inmates in the prison infirmary was rendered moot by his transfer from the infirmary; the "capable of repetition,

yet evading review exception to mootness" did not apply because the possibility that he would be transferred back to the infirmary was "too speculative to warrant relief"); *Rivera v.. Dawson*, No. 05–41565, 2007 WL 1223914 (5th Cir. Apr. 25, 2007); *Tamfu v. Ashcroft*, No. 02–10502, 2002 WL 31689212 (5th Cir. Oct. 30, 2002) ("Because Tamfu is no longer incarcerated at the Airpark or Flightline Units, any claims for declaratory or injunctive relief are moot."); *Stewart v. Warner*, Civ. Action No. 14–4759, 2014 WL 3498165, at *3 (E.D.La. July 15, 2014); *Ashford v. Gusman*, Civ. Action No. 12–87, 2012 WL 1019830, at *5 (E.D.La. Feb. 22, 2012), adopted, 2012 WL 1019170 (E.D.La. Mar. 26, 2012). Because plaintiff's claims for a restraining order and/or injunctive relief are now moot, the Court no longer has subject matter jurisdiction to consider those claims.

## IV. RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Heslep's motion for a temporary restraining order be DISMISSED as moot.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 13, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).